### Ira Story *vs.* David Buffum.

A lien on a ship will be dissolved if the person claiming it knows that large credits exist, which exceed a certain sum, and knows very nearly though not exactly their amount, but gives no further account of them, in his statement, than that such credits exist, to an amount which is not known and cannot be computed by him; or if in his statement he says that the owner of the vessel is unknown, when he has been informed and believes that she was owned by the person who in fact owned her.

Petition for the enforcement of a lien upon a vessel.

At the trial in the superior court, before *Allen*, C. J., it appeared that the vessel was originally owned by David Buffum and Dennis Holland, and that in June 1861 Buffum became the sole owner. The petitioner testified to the execution of a written contract between himself and Holland, dated December 21, 1860, under which the services were performed and materials furnished for which the lien was claimed, and also to the performance and value of the services and materials, amounting in all to $4363.39.

" Upon cross-examination, he stated that as the work went on Buffum let him have money, amounting to $500 and more, for which he gave demand notes, with the understanding that the amounts so furnished should be considered a loan in case Buffum did not become the owner of the vessel, but that in case he did the same would be considered as part payment for the work on the vessel; that on the 7th of June Buffum paid him $500, for which he gave a receipt; that Buffum also paid some of the bills, and told him that he had assumed payment of more; that the petitioner had heard and believed, when the work was commenced, so far as he could believe anything, that

Buffum and Holland owned the vessel together; that they had both told him so; that before the time of filing the certificate he had heard that Buffum had become sole owner, and at the time of filing it believed it; that he could not say that either party told him so; that he knew that Buffum and Holland had had difficulty, and that some settlement had been come to, and that in some way the title of the vessel had been transferred to Buffum, although he had no actual knowledge of the execution of any papers; that at the same time, viz: when the certificate was signed, he knew that Buffum had paid this $500, and that he had advanced this other sum of $500, and that he had paid, or so far assumed as to discharge him (Story) from liability, certain bills, amounting, with said items of cash, to a sum exceeding $3200, and not exceeding $3500; that he knew the amount so paid was within those limits, but did not know the exact amount, although he had the means of knowing by inquiring of Buffum.

"He further testified that, after completing the job and just before filing the certificate, he called on Buffum to know what he was going to do about a settlement; that he asked Buffum if he intended to pay the bills; that Buffum told him he would pay the bills, but could not do so that day; that he told him, if he would settle then he would settle at a certain rate, otherwise he should demand the amount claimed under his contract in the petition; that Buffum said nothing; that at that time he asked Buffum about the bills which had been passed over to him, which, together with the money and bankable paper furnished, it is now known amounted to $3208.69, and that Buffum told him he had paid or assumed that amount; that he told Buffum he should allow him all that, but he wished to know what he would do about the balance; and that Buffum gave him no satisfactory answer."

The certificate filed in the city clerk's office was thereupon offered in evidence. It showed the whole amount earned by the petitioner to be $4363.39, as above stated, of which the sum of $4250 was claimed as due for services under the contract, and the residue for extra work and materials, and contained the following additional statement: "There should be allowed

to the credit of the above account a large amount, which cannot be computed by the subscriber, for which David Buffum has paid or made himself responsible ; the amount is not known to the subscriber."

The chief justice ruled that upon the evidence this certificate was insufficient and invalid, and directed a verdict for the respondent, which was accordingly rendered ; and reported the case for the determination of this court.

*S. H. Phillips*, for the petitioner.

*S. B. Ives, Jr.*, for the respondent.

METCALF, J. By the Gen. Sts. *c.* 151, § 13, this petitioner was required, in order to save his lien on the vessel, to file, in the office of the city clerk of Salem, a sworn statement, subscribed by him, " giving a just and true account of the demands claimed to be due to him, with all just credits," and also " the name of the owner of the vessel, if known." But he has failed to comply with either of these requisitions. As to the amount of his claim and the just credits, the statement subscribed and filed by him was this : " Due for services on said vessel, $4250. There should be allowed to the credit of the above account a large amount, which cannot be computed by the subscriber, for which David Buffum has paid or made himself responsible ; the amount is not known to the subscriber." Yet it appears from his own testimony, given at the trial, that he knew, when he subscribed the foregoing statement, that Buffum had paid more than $3200 ; and it appeared from other testimony that the exact sum that Buffum had paid was $3208.69. It is impossible, therefore, to regard the statement which the petitioner filed as a statement of all just credits. He was bound to give credit for $3200 at least.

We are also of opinion that the owner of the vessel was known to the petitioner, within the meaning of the statute requisition that he shall state the owner's name, " if known." His statement was filed in the office of the city clerk on the 22d of July 1861. And he testified, on the trial, that he had heard and believed, when the work on the vessel was begun by him, that Buffum and Holland owned the vessel together ; that they

both had told him so ; that, before he filed his statement, he had heard that Buffum had become the sole owner, and believed that it was so when he filed his statement; that he knew that in some way the vessel had been transferred to Buffum, though he had no actual knowledge of the execution of any papers. And it is admitted by the petitioner's counsel that, when he filed his statement, Buffum was in fact the sole owner of the vessel. The statute word " known " cannot be held to require further knowledge of the owner's name than that which the petitioner had. Absolute knowledge can be had of very few things.

As these two defects in the petitioner's statement are fatal to his claim, we have not considered the other objections to its sufficiency which were made at the argument.

*Judgment on the verdict.*